NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REUBEN CONWAY,

Defendant-Appellant.

No.    17-10497

D.C. No.
2:16-cr-00013-GMN-NJK-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Reuben Conway appeals from the district court's judgment and challenges

his guilty-plea conviction and 92-month sentence for being a felon in possession of

a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Conway first asserts that the district court erred by treating his prior conviction for possession of cocaine, in violation of Nevada Revised Statute (NRS) § 453.337, as a controlled substance offense under U.S.S.G. § 2K2.1(a)(4)(A). This claim fails because, contrary to Conway's assertion, § 453.337 is divisible. *See United States v. Figueroa-Beltran*, 995 F.3d 724, 733 (9th Cir. 2021). Because there is no dispute that Conway's offense involved cocaine, the district court properly treated it as a controlled substance offense under U.S.S.G. § 2K2.1(a)(4)(A). *See id.* at 733-34.

Conway further argues that the district court lacked jurisdiction over his case because the indictment did not charge that he knew of his status as a convicted felon. *See Rehaif v. United States*, 139 S. Ct. 2191 (2019). However, this omission did not deprive the district court of jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."); *United States v. Arnt*, 474 F.3d 1159, 1162 (9th Cir. 2007) (same).

**AFFIRMED.**